[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11898

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20726-RNS-1

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

James Bell, a federal prisoner, appeals *pro se* the district court's denial of his compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.[1] Bell asserts the district court abused its discretion in concluding a sentence reduction was not warranted in his case. After review,[2] we affirm.

A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a district court to reduce a term of imprisonment, upon the defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (First Step Act).

[2] We review *de novo* a district court's determination of whether a defendant is eligible for a § 3582(c) sentencing reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's denial of an eligible defendant's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quotations omitted).

reasons warrant such a reduction.  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

To reduce a sentence, the district court must find extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).  To warrant a reduction, all three conditions are necessary.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  For purposes of defendant-filed § 3582(c)(1)(A) motions, the district court's discretion to find extraordinary and compelling circumstances is limited to those listed in U.S.S.G. § 1B1.13.  *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).  As relevant, circumstances constituting extraordinary and compelling reasons include a prisoner's terminal illness or a prisoner's serious medical condition that substantially diminishes the ability to provide self-care in prison and from which the prisoner is not expected to recover.  U.S.S.G. § 1B1.13, comment. (n.1(A)).

The § 3553(a) sentencing factors include the seriousness of the offense and the need to deter future criminal conduct and protect the public.  18 U.S.C. § 3553(a).  Other considerations are the nature and circumstances of the offense, the defendant's history and characteristics, and the need to avoid disparate sentences for defendants with similar records.  *Id.*  It is not necessary for the district court to state on the record that it has explicitly considered each of the factors or to discuss each of them.  *United States v.*

*Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *Id.* at 1327.

The district court did not clearly err when it concluded Bell's circumstances were not extraordinary and compelling under § 1B1.13. Bell's medical records reflect he was diagnosed with essential hypertension and is on daily medication to manage his symptoms, but his records do not support his contention he suffers from congestive heart failure or pulmonary hypertension. It is undisputed Bell contracted and recovered from COVID-19 without experiencing a severe health outcome. Accordingly, it was not clearly erroneous to find his ability to provide self-care in prison was not substantially diminished. *See* U.S.S.G. § 1B1.13, comment. (n.1(A)).

Even if extraordinary and compelling reasons did exist, the district court did not abuse its discretion in finding the § 3553(a) sentencing factors weighed against release, which alone was sufficient to deny Bell's motion. *See Tinker*, 14 F.4th at 1237. The district court considered the § 3553(a) factors and reasonably attached great weight to Bell's criminal history and the violent circumstances of his offense, which included that he had not just possessed a firearm but had shot another person in the face at close range. *See Kuhlman*, 711 F.3d at 1326-27. Further, Bell's criminal history is extensive, as he has been convicted of multiple other felonies involving violence or firearms. While he identifies mitigating factors, nothing in the record suggests the district court failed to consider

them, and the district court had discretion to place more weight on other factors that the record implicated—the nature of his offense, his criminal history, and the need to deter Bell and protect the public. *See* 18 U.S.C. § 3553(a); *Kuhlman*, 711 F.3d at 1327. Accordingly, we affirm.[3]

    **AFFIRMED.**

---

[3] Bell raised the argument the district court erred by treating U.S.S.G. § 1B1.13 as a binding, applicable policy statement for the first time in his reply brief and therefore abandoned that claim. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014). That argument is nevertheless foreclosed by precedent. *See Bryant*, 996 F.3d at 1262.